IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


PATRICIA A. KING,                    :

     Plaintiff,                    :

vs.                                  :        CA 08-0358-C

MICHAEL J. ASTRUE,                   :
Commissioner of Social Security,
                                     :
     Defendant.


**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 18 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 19 (order of reference)) Upon consideration of

the administrative record, plaintiff's brief, the Commissioner's brief, and the parties' arguments at the January 27, 2009 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to hypertension, major depression, and degenerative disc disease of the lumbar spine.  The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.      The claimant has the following severe impairments: hypertension and major depression (20 CFR 404.1520(c) and 416.920(c)).**
>
> .        .        .
>
> **4.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appexdix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> .        .        .
>
> **5.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual**

---

[1]      Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 18 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

**functional capacity to perform the full range of unskilled light work.**

.     .     .

On November 3, 2006, Andre J. Fontana, M.D., performed an orthopedic consultative examination of the claimant. Dr. Fontana indicated claimant had complaints of lower back pain with pulled muscles from lifting boxes at work. Dr. Fontana indicated claimant had complaints of bilateral shoulder pain.

Physical examination disclosed claimant had deep tendon reflexes of 2+, and sensory examination was normal. Range of motion of both shoulders was good with no pain. Grip strength was good. Examination of the lower extremities disclosed toe-heel gait as good with no pain. Squatting was good, and motor strength was 5/5. Straight leg raise was ninety degrees in the sitting, sixty degrees in the supine. Range of motion of the ankles was good with no specific signs of swelling. X-rays of the claimant's spine were normal. Dr. Fontana diagnosed the claimant with degenerative disc disease of the lumbar spine. Dr. Fontana opined that the claimant was limited to no lifting over twenty-five pounds with infrequent bending, stooping and twisting; no climbing or walking on unprotected heights, and no operating heavy foot controls (Exhibit 8F, pg. 1-2).

In a Physical Capacities Evaluation, Dr. Fontana opined that claimant can occasionally lift and carry no greater than twenty pounds, and the claimant was precluded from using his (sic) feet for repetitive movements as in pushing and pulling of leg controls. Dr. Fontana opined that claimant can occasionally bend, climb, crawl, reach, and squat. Dr. Fontana restricted the claimant from activities involving unprotected heights and being around moving machinery. A moderate restriction was placed on claimant driving automotive equipment (Exhibit 8F, pg. 3).

On July 12, 2007, counsel for the claimant submitted a report from Reuben Belen, M.D., dated August 5, 2005, which was a

work requirements statement for the Department of Human Resources Food Stamp Program. Dr. Belen opined that the claimant was not mentally and physically able to work because of back pain, hypertension, and chronic skin rash of the hands and face. Dr. Belen opined that the date of onset was a few years. Dr. Belen opined that the condition was permanent. Dr. Belen opined that the claimant should be able to return to work in six months (Exhibit 9F).

The undersigned assigns significant evidentiary weight to the opinion of Andre Fontana, M.D. Dr. Fontana has opined that claimant is capable of light work, i.e., occasionally lifting and carrying twenty pounds with no use of either her right or left foot for controls with occasionally bending and climbing.

.        .        .

**6.     The claimant is capable of performing past relevant work as cleaner and housekeeper, which is light and unskilled. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**

The job of cleaner and housekeeper is past relevant work because it was performed in the past fifteen years and lasted long enough for the claimant to learn to do the job and to have been substantial gainful activity. The cleaner/maid work, DOT#323.6870014, was unskilled and light.

In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. In accordance with Social Security Ruling 00-4p, the undersigned finds that the vocational expert did not deviate from the Dictionary of Occupational Titles. The claimant has worked various jobs as a housekeeper and cleaner within the past fifteen years and knows how to perform that job. The undersigned believes the testimony of the vocational expert

that the claimant can perform her past relevant work as a cleaner and housekeeper within the limitations posed to [the] vocational expert in the undersigned['s] hypothetical. The vocational expert testified that all the other jobs held by the claimant as fast food cook and nurse[']s aide were precluded because those jobs were medium in exertion and semi-skilled to skilled.

**7.     The claimant has not been under a disability, as defined in the Social Security Act, from August 30, 2004 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).**

(Tr. 15, 16, 17, 22 & 23 (emphasis in original))  The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id*. at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which

exists in the national economy.  *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a cleaner/housekeeper, is supported by substantial evidence.  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).  "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Although the claimant bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record.  *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). Social Security Ruling 82-61 recognizes three possible tests for determining whether or not a claimant retains the capacity to perform her past relevant work.  They are as follows:

> 1.      Whether the claimant retains the capacity
> to perform a past relevant job based on a broad

generic, occupational classification of that job,
e.g., "delivery job," "packaging job," etc.[2]

2.      Whether the claimant retains the capacity
to perform the particular functional demands and
job duties peculiar to an individual job as he or
she actually performed it.

3.      Whether the claimant retains the capacity
to perform the functional demands and job duties
of the job as ordinarily required by employers
throughout the national economy.[3]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be

found to be "not disabled" when it is determined that she retains the residual

functional capacity to perform the actual functional demands and job duties of

a particular past relevant job or the functional demands and job duties of the

occupation as generally required by employers throughout the national

economy.  SSR 82-61.

In this case, the ALJ has relied upon a combination of tests two and

three above to determine that the claimant can perform her past relevant work

as a cleaner/housekeeper. (Tr. 23 ("The cleaner/maid work, DOT

---

[2]      As recognized in the ruling, use of this test is likely to be "fallacious and
insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common
characteristic, they often involve quite different functional demands and duties requiring varying
abilities and job knowledge."

[3]      The Dictionary of Occupational Titles' descriptions can be relied upon to define
the job as it is usually performed in the national economy.

#323.6870014, was unskilled and light. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed."))

Section 404.1520(e) of the Commissioner's regulations requires a review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform her past relevant work.  Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of . . . her  PRW to determine whether the individual can still do that work."  *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (to support a conclusion that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments").

> The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled."

8

.     .     .

The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work). Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

SSR 82-62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional

capacity would permit a return to the past job or occupation. *Id.*

In this case, the plaintiff contends that the ALJ committed the following errors: (1) he erred in finding that she can perform the full range of light work; and (2) he erred in finding that she can perform her past relevant work as a cleaner/housekeeper by relying upon vocational expert testimony in response to an incomplete hypothetical. The Court finds that the ALJ erred in finding that plaintiff can perform the full range of light work, albeit on a different basis than that promoted by King, and in determining that she can perform her past relevant work as a cleaner/housekeeper; therefore,  this cause is due to be remanded to the Commissioner of Social Security for further proceedings not inconsistent with this decision.

In determining that plaintiff can perform the full range of light work, the ALJ relied upon and assigned significant evidentiary weight to the physical capacities evaluation of Dr. Andre Fontana, a consultative orthopedic examiner. (*Compare* Tr. 22 *with* Tr. 196-198) While Dr. Fontana indicated no restrictions on plaintiff's ability to sit, stand or walk and found that she can lift and carry objects weighing up to 25 pounds, he also indicated that she cannot use her feet for repetitive movements and that she is limited to only occasional bending, squatting, crawling, climbing and reaching. (Tr. 198)

10

Light work is defined in the Commissioner's regulations as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b) (2008); *see* SSR 83-10 ("A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator . . . .").

Based upon Dr. Fontana's RFC finding that plaintiff cannot use her feet for repetitive movements as in pushing and pulling of leg controls (Tr. 198), it is clear that plaintiff cannot do the full range of light work since, by definition, a full range of such work requires the ability to sit most of the time with some pushing of leg controls, *see* 20 C.F.R. § 404.1567(b). Accordingly, it was error for the ALJ to conclude that plaintiff can perform the full range of

light work.

The Court recognizes that such error by the ALJ would be harmless if the evidence supported his finding that plaintiff retains the capacity to perform her past relevant work as a cleaner/housekeeper. However, Dr. Fontana's limitations and the testimony of the vocational expert clearly establish that plaintiff is incapable of performing her past relevant work as a cleaner/housekeeper.

The ALJ posed the following question to the vocational expert:

> Q      Well, Dr. Fontana's report on this lady limits her, he took x-rays of her lumbar spine, said that it was normal, NAP view is normal, lateral NAP, they're both normal. And taking her history he opined based on her complaints, bilateral foot pain, it says a cramp up, she denied knee pain and had bilateral shoulder pain over the last two years and lower back pain for one to two years. But . . . he felt based on her complaints that she was limited to no lifting over 25 pounds with infrequent bending, stooping, twisting and no climbing on unprotected heights or operating heavy foot controls. Heavy foot controls is an interesting thing, he doesn't find any real restrictions in sitting, standing or walking during the day but with that 25 pound lifting restriction would she be able to do her past relevant work?

(Tr. 276) Based upon this hypothetical, and focusing solely on the lifting restriction, the vocational expert testified that plaintiff could perform her past relevant work as a cleaner/housekeeper. (*See* Tr. 276-277 ("Based on the lifting restriction I believe she would be excluded from all her past relevant

work with the exception of a cleaner/housekeeper.")) The ALJ posed no further hypotheticals to the vocational expert. (*See id.*)

The Court agrees with plaintiff that the ALJ posed an incomplete hypothetical question to the vocational expert. The ALJ's hypothetical to the VE not only failed to include all of the physical limitations noted by Dr. Fontana but, as well, failed to encompass the limitations caused by her admittedly severe mental impairment (i.e., major depression).[4] *See Pendley v. Heckler*, 767 F.2d 1561, 1562-1563 (11th Cir. 1985) (an ALJ's hypothetical to a VE must comprehensively describe all of the claimant's physical and mental impairments and limitations). The ALJ's error in this regard is clearly reversible based upon the VE's responses to further questioning by plaintiff's counsel. (*See* Tr. 277)

> Q    . . . And Dr. Fontana had noted, it looks like no use of either the right or the left feet (sic) for pushing and pulling of leg controls, only occasional bending, squatting, crawling, climbing or reaching. Total restriction of unprotected heights and being around moving machinery. With the expanded limitations would that effect her ability to do her cleaner/housekeeper job?
>
> A    If there was only occasional reaching, yes, it would.

---

[4]    The limitations caused by plaintiff's mental impairment include, at the very least, moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 161)

13

Q        Would that preclude that occupation?

A        That would exclude that.

(*Id.*) Based upon Fontana's denoted limitation of only occasional reaching, a finding which the ALJ clearly accepted (*see* Tr. 22 ("In a Physical Capacities Evaluation, Dr. Fontana opined that claimant can occasionally lift and carry no greater that twenty pounds, and that the claimant was precluded from using his (sic) feet for repetitive movements as in pushing and pulling of leg controls. Dr. Fontana opined that claimant can occasionally bend, climb, crawl, reach, and squat. . . . The undersigned assigns significant evidentiary weight to the opinion of Andre Fontana, M.D.")),[5] plaintiff clearly is incapable of performing her past relevant job as a cleaner/housekeeper given the VE's testimony that such limitation would preclude that occupation.

In light of the foregoing, it is clear that the decision of the Commissioner of Social Security denying plaintiff benefits at the fourth step of the sequential evaluation process is not supported by substantial evidence. Accordingly, this cause is due to be remanded to the Commissioner for consideration of what jobs, if any, plaintiff is capable of performing in light of

---

[5]        For this Court to make a contrary finding, the ALJ would have had to make a specific determination that he was not accepting Dr. Fontana's PCE finding that plaintiff can perform only occasional reaching.

14

her impairments and limitations.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 28th day of January, 2009.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**